BIOPHYSICS CHIROPRACTIC CEN-
TER; Kathryn Hanes; Madonna
Alexandria Hanes, Appellants,

v.

UNITED STATES of America,
Respondent—Appellee.

No. 02–57000.
D.C. No. CV–02–00375–MLH/JAH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2004.

Decided Feb. 26, 2004.

Noel W. Spaid, Del Mar, CA, for Appel-
lants.

Christopher P. Tenorio, USSD–Office of
the U.S. Attorney, San Diego, CA, for
Respondent–Appellee.

Christopher P. Tenorio, U.S. Atty CAS,
Office of the U.S. Attorney, San Diego,
CA, for Appellee.

Before WALLACE, CANBY, and
THOMAS, Circuit Judges.

## MEMORANDUM [*]

Appellants Biophysics Chiropractic Cen-
ter, Kathryn Hanes, and Madonna Alexan-
dria Hanes (collectively, Biophysics) appeal
from a district court order denying their
motions to suppress evidence and return
property seized in connection with search
warrants issued on June 6, 2001.

---

[*] This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

 Biophysics's "Motion to Challenge Probable Cause," construed as a motion to suppress evidence, was denied on the ground that it was not yet ripe. The denial of a motion to suppress, when interlocutory and not brought by the government, is unappealable. *United States v. Eccles*, 850 F.2d 1357, 1362 (9th Cir.1988). Moreover, since the district court declined to address the merits of the underlying motion by dismissing on ripeness grounds, its order is not reviewable under the collateral order rule. *See United States v. Pace*, 201 F.3d 1116, 1119 (9th Cir.2000).

 Biophysics also challenges the district court's decision denying the "Motion to Quash Search Warrants," construed as a motion for the return of property pursuant to Rule 41(e) (now codified at FED. R.CRIM. P. 41(g)). We may exercise jurisdiction to consider such an appeal only if the Rule 41(e) motion "is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant." *DiBella v. United States*, 369 U.S. 121, 131–32, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). In addition, we have previously explained that a movant who "asks for [the] significant additional relief" of an injunction precluding the government "from using the material that already was seized" fails the first requirement of the bipartite *DiBella* test, by "seek[ing] relief beyond 'solely' the return of property." *Andersen v. United States*, 298 F.3d 804, 807–08 (9th Cir.2002). Because Biophysics sought a great deal more than a mere return of property, the motion is not sufficiently circumscribed to permit us to exercise jurisdiction over the district court's denial of that motion under the rule articulated in *DiBella*.

As we may not assert jurisdiction over the district court's denial of the motion for the return of property, we need not reach the question of whether the district court abused its discretion in refusing to exercise equitable jurisdiction over Biophysics's claim. Even if we were to consider the district court's refusal, it is clear that the court did not abuse its discretion. Contrary to Biophysics's assurance at oral argument, the record indicates that at no point did Biophysics identify the specific property it requested be returned, much less demonstrate "an individual interest in and need for th[is] property." *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993).

 Finally, Biophysics asserts that the district court abused its discretion in assigning a United States Magistrate Judge to hear its motions without consent. Biophysics cites no authority providing that this is an appealable interlocutory order. *See* 28 U.S.C. § 1292. Even if it were, district courts are empowered to designate authority to magistrate judges without actually conferring jurisdiction on the magistrate. Magistrate judges may be designated in order "to conduct hearings, including evidentiary hearings, and to submit ... proposed findings of fact and recommendations" upon which the district court may then base its decision regarding the suppression of evidence. 28 U.S.C. § 636(b)(1)(B). Consent is not required for the operation of section 636(b)(1)(B).

DISMISSED.